# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 50269 | **DATE** | 10/28/2010 |
| **CASE TITLE** | Wiedman vs. Sheridan, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, defendant's motion to dismiss [#23] is granted in part and denied in part.

*Philip G. Reinhard*

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT - OPINION

Plaintiff, Duane Wiedman, brings this action against defendant, D.J. Sheridan, a correctional officer employed by the Dixon Correctional Center in Dixon, IL, in both his individual and official capacities. Plaintiff's one-count complaint alleged that plaintiff suffered physical and emotional injuries caused by the deliberate indifference of defendant in violation of the Eighth Amendment to the United States Constitution. Defendant moves to dismiss the entire complaint for failure to state a claim upon which relief can be granted, and, alternatively, the official capacity claim. See Fed. R. Civ. P. 12(b)(6).

A motion to dismiss brought pursuant to Rule 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. Federal Rule of Civil Procedure 8 requires the pleader set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Brooks v. Ross, 578 F.3d 574, 580 (7th Cir. 2009). However, a plaintiff's factual allegations must be sufficient to rise above the speculative level and become plausible. Ross, 578 F.3d at 581 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). Thus, in order to survive a motion to dismiss, a complaint must "give enough details about the subject-matter of the case to present a story that holds together," but "it is not necessary to stack up inferences side by side and allow the case to go forward only if the plaintiff's inferences seem more compelling than the opposing inferences." Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010).

Deliberate indifference occurs when a defendant realizes that a substantial risk of serious harm to the prisoner exists, but the defendant disregards that risk. Berry v. Peterman, 604 F.3d 435, 440 (7th Cir. 2010) (citing Farmer v. Brennan, 511 U.S. 825, 828 (1994)). Further, unsafe working conditions in a prison can constitute a violation of a prisoner's Eighth Amendment right to be free from cruel and unusual punishment. Bagola v. Kindt, 131 F.3d 632, 646 (7th Cir. 1997). However, a prison official may only be held liable under the Eighth Amendment for deliberate indifference if "the official knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008). It is not enough for the inmate to show that the official acted

| STATEMENT - OPINION |
|---|

negligently or that he or she should have known about the risk, but rather, plaintiffs must show that the official received information from which the inference could be drawn that a substantial risk existed, and that the official actually drew the inference. Townsend, 522 F.3d at 773.

Plaintiff's complaint sufficiently states a claim to avoid dismissal. Plaintiff pled that he was ordered by defendant "to work with an inside ground crew," and that this required plaintiff to "ride on an open flat bed trailer which was not equipped with any seats, restraints or hand holds while being towed by the [d]efendant . . . who was operating a Ford [t]ractor." Additionally, plaintiff alleged that defendant "was aware prior to the time of the occurrence that the brakes on the subject Ford [t]ractor were not in working order." Thus, plaintiff has sufficiently pled that defendant had actual knowledge of the dangerous condition and of a substantial risk of serious harm to the plaintiff.[1] Next, plaintiff alleged that defendant acted with deliberate indifference towards plaintiff when "[d]espite this knowledge, [d]efendant . . . exercised deliberate indifference in operating the subject Ford tractor towing the plaintiff." This is sufficient to support an inference that defendant operated the tractor, while towing plaintiff, without taking steps to abate the risk of harm. It is further alleged that "due to [its] defective condition" the vehicle contacted a fence. Lastly, plaintiff alleged that "the contact between the subject Ford tractor [and a fence] . . . caused the [p]laintiff to be violently thrown from the trailer," and that plaintiff suffered physical and emotional damages as a result. For purposes of determining a Rule 12(b)(6) motion to dismiss, where the court must view the allegations in the light most favorable to the non-moving party, defendant's operation of a tractor he knew to have faulty breaks, combined with ordering plaintiff to ride on the attached trailer with no seats, restraints, or handholds, which resulted in allegedly serious injuries to plaintiff, amounts to disregard of a substantial risk of serious harm to plaintiff. This combination of knowledge and disregard of substantial risks of serious harm raises plaintiff's claims beyond mere negligence and into the realm of deliberate indifference. As such, plaintiff's allegations are not mere legal conclusions, and thus plaintiff has sufficiently, albeit barely,[2] pled a claim for deliberate indifference under the Eighth Amendment.

Additionally, the court notes that plaintiff has attempted to bring suit against defendant in both his individual and official capacities. However, the Eleventh Amendment "precludes a citizen from suing a state for money damages in federal court without the state's consent." Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001). The Eleventh Amendment similarly bars citizens from suing state officials in their official capacities for money damages. Wynn, 251 F.3d at 592. As such, the court grants defendant's motion to dismiss the official capacity claim.

For the foregoing reasons, defendant's motion to dismiss plaintiff's complaint is granted in part and denied in part.

---

1. Although plaintiff fails to state how defendant knew the tractor's breaks "were not in working order," discovery is designed to either prove or disprove allegations such as this. See Reynolds v. CB Sports Bar, Inc., No. 09-3753, 2010 WL 4137569, *8 (7th Cir. Oct. 22, 2010).

2. There is a fine line between deliberate indifference claims under the Federal Constitution and state law negligence claims. Whether a claim is properly pled under one theory over the other depends on how and what specific facts are pled. Compare Davis v. Mulch, Civil No. 06-1033-MJR, 2007 WL 1100733 (S.D. Ill., Apr. 11, 2007) (dismissal denied) with Jones v. Collins, Civil No. 05-663-JPG, 2006 WL 1528882 (S.D. Ill., June 1, 2006) (dismissal granted); Blankenship v. Kittle, No. 03 C 3573, 2003 WL 22048712 (N.D. Ill, Aug. 6, 2003) (same); Harris v. Sheahan, 847 F. Supp. 611 (N.D. Ill. 1994) (same).